[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Charles and Nancy Burrows, in their individual capacity and on behalf of their minor son, plaintiff Brandon Burrows, bring this action against the defendants, St. Paul's Church and James Lucas Rawn. The complaint arises out of an incident that occurred when the Burrows attended a church fair, sponsored by St. Paul's Church and when Rawn, a security guard, allegedly used physical force upon Brandon Burrows.
In the third count of the complaint the plaintiffs allege that the actions of the church "were undertaken in the conduct of a trade or business, and constituted unfair or deceptive practices in the conduct of a trade or business. . . ." The Burrows further allege that they "have suffered actual harm as a result of the unfair or deceptive practices of the defendant, St. Paul's Church in the conduct of its business." The church's motion to strike the third count on the ground that the plaintiffs failed to allege facts sufficient to state a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA) is before the court.
The church argues that the Burrows improperly based their CUTPA claim solely on negligence. The Burrows argue, in pertinent part, that by incorporating by reference the facts from count one, they sufficiently pleaded actions that constitute "unfair or deceptive" trade practices. The plaintiffs further argue that the actions amounted to unscrupulous behavior and therefore the CUTPA claim is not based solely on negligence.
Count three of the plaintiffs' complaint incorporates by reference facts alleged in the first count. The incorporation by reference of facts alleged in preceding counts is proper for a CUTPA claim. SeeWillow Springs Condominium Assn., Inc. v. Seventh BRT DevelopmentCorp., supra, 245 Conn. 39-42. The relevant facts alleged are as follows. The church conducted a fair on its premises for its benefit and derived revenue from it. The church hired the defendant, James Lucas Rawn, as a security guard without inquiring whether he was qualified or formally trained, and although Rawn was untrained, the church provided no training nor supervision as he carried out his duties at the fair. The church authorized the use of force against CT Page 5140 Brandon Burrows, Brandon incurred various injuries, and the Burrows have suffered an ascertainable loss and actual damages. The plaintiffs argue that these actions constituted "unfair or deceptive" practices because they were unethical and unscrupulous. The church argues that more specific allegations are needed to sustain a CUTPA claim. Essentially, the church argues that the plaintiffs failed to plead with sufficient particularity how and in what way the actions alleged were "unfair or deceptive."
Plaintiffs must plead CUTPA claims with sufficient particularity. See S.M.S. Textile Mills v. Brown, Jacobson, Tillinghast, Luhan King, P.C., 32 Conn. App. 786, 787, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). This court has stated that: "[i]f a claim does not set forth how or in what respect the [defendant's] alleged activities are either immoral, unethical, unscrupulous, or offensive to public policy, . . . [a] motion to strike is granted, because a CUTPA claim requires those allegations." (Internal quotation marks omitted.) Computer Clearing House v. StamfordComputer Group, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164240 (October 5, 1998,D'Andrea, J.). "`A conclusory statement . . . without further elaboration . . . is not sufficient to fashion a CUTPA claim. . . .'"Groglio v. Elrac, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160928 (January 19, 1999,D'Andrea, J.), quoting Shoreline Vending Service v. Huey, Superior Court, judicial district of Middlesex at Middletown, Docket No. 073936 (March 15, 1996, Stanley, J.).
The Burrows merely stated a conclusion in their CUTPA count without "further elaboration" that "[t]he actions of the defendant St. Paul's Church as aforesaid . . . constituted unfair or deceptive practices. . . ." Plaintiffs failed to allege facts with sufficient particularity to state a cause of action under CUTPA because they failed to plead how or why such acts meet the first two prongs of the "cigarette rule," and therefore the court grants to strike.
____________________ D'ANDREA, J.